UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01830-JDE | Date | April 28, 2026 |
|---|---|---|---|
| Title | Armando Vazquez Rivas v. Warden, Desert View Facility, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| n/a | n/a |

**Proceedings:**    (In Chambers) Order Directing Further Response to Petition

On April 14, 2026, Armando Vazquez Rivas ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, alleging he is unlawfully detained by immigration authorities. Dkt. 1 ("Petition" or "Pet."). As Petitioner concedes, this is not his first federal habeas challenge to his ongoing detention. Petitioner previously filed a habeas petition in this Court on December 26, 2025. Rivas v. Warden, et al., Case no. 5:25-cv-03553-PA-JDE (C.D. Cal.) ("Prior Action"). In the Prior Action, Respondents acknowledged that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista") and subject to the Bautista judgment. Id., Dkt. 6. The Prior Action was granted, in part, and Respondents were ordered to provide Petitioner an individualized bond hearing before an immigration judge. Id., Dkt. 10 ("Order"). Petitioner was thereafter provided a bond hearing on March 13, 2026, and the Immigration Judge ("IJ") denied bond, finding Petitioner was a flight risk. Id., Dkt. 13, Exh. A. Petitioner then filed a Motion to Enforce the Order three days later, arguing that the bond hearing was fundamentally flawed as the IJ did not apply the correct standard of review and was not a neutral arbitrator. Id., Dk. 14. On April 7, 2026, Judge Anderson denied the motion, finding Petitioner had not shown Respondents violated the Order. Id., Dkt. 19.

Changing tactics, Petitioner filed the instant Petition a week later, on April 14, 2026, with counsel arguing that he was "mistaken[]" regarding the facts previously presented in the Prior Action, making the facts in the instant action "materially different from the previous habeas petition." Pet. at 2 n.1. Petitioner now claims for the first time that he was detained upon entry to the United States and "not, never caught, as initially believed" and therefore, his due process rights were violated after having been released and re-detained. Pet. ¶ 5. The claims raised in the instant Petition were otherwise previously raised in the Prior Action.

In their Answer, filed on April 27, 2026, Respondents argue that Petitioner seeks to challenge the sufficiency of the bond hearing, asking this Court to step into the shoes of the IJ to determine whether the government can justify Petitioner's continued detention, which they argue amounts to "a wholesale abandonment of the administrative exhaustion requirement." Dkt. 10 at 2. Petitioner is not challenging the March 2026 bond determination in this action, but rather the

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:26-cv-01830-JDE | Date | April 28, 2026 |
|---|---|---|---|
| Title | Armando Vazquez Rivas v. Warden, Desert View Facility, et al. | | |

circumstances regarding his prior re-detention and in particular, the failure to provide a pre-deprivation hearing. In his Reply, filed on April 28, 2026, Petitioner clarifies that he "is not disputing the discretionary outcome of his bond determination; rather, he is challenging the legality of his re-detention without a constitutionally required pre-deprivation hearing." Dkt. 11 at 4. Respondents do not address those claims.

The Court finds further briefing is warranted. As such, Respondents are ORDERED to file a Supplemental Response addressing the Petition on the merits, including Petitioner's argument that he was wrongfully re-detained, **within seven (7) days** of this Order. At the time the Response is filed, Respondents shall lodge with the Court all records bearing on their position. If Respondents do not oppose granting the Petition based on the arguments raised in the Petition, they should so state. Petitioner may file an optional Supplemental Reply **within three (3) days** of the filing of the Supplemental Response.

IT IS SO ORDERED.

CRD Initials    ARO