UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ARMANDO VAZQUEZ RIVAS,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>WARDEN, Desert View Facility, et al.,<br><br>　　　　　Respondents. | No. 5:26-cv-01830-JDE<br><br>ORDER REGARDING PETITION |

## I.

## INTRODUCTION

On April 14, 2026, Armando Vazquez Rivas ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus, alleging he is unlawfully detained by immigration authorities. Dkt. 1 ("Petition" or "Pet."). As Petitioner concedes, this is not his first federal habeas challenge to his ongoing detention. Petitioner previously filed a habeas petition in this Court on December 26, 2025. Rivas v. Warden, et al., Case no. 5:25-cv-03553-PA-JDE (C.D. Cal.) ("Prior Action"). In the Prior Action, Respondents acknowledged that Petitioner appeared to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.)

("Bautista") and subject to the Bautista judgment. Id., Dkt. 6. The petition in the Prior Action was granted, in part, and Respondents were ordered to provide Petitioner an individualized bond hearing before an immigration judge. Id., Dkt. 10 ("Order"). Petitioner was thereafter provided a bond hearing on March 13, 2026, and the Immigration Judge ("IJ") denied bond, finding Petitioner was a flight risk. Pet., Exh. C. Three days later, Petitioner filed a Motion to Enforce the Order, arguing that the bond hearing was fundamentally flawed as the IJ did not apply the correct standard of review and was not a neutral arbitrator. Id., Dk. 14. On April 7, 2026, the Honorable Percy Anderson, United States District Judge, denied the motion, finding Petitioner had not shown Respondents violated the Order. Id., Dkt. 19.

Changing tactics, Petitioner filed the instant Petition a week later, on April 14, 2026, with counsel arguing that he was "mistaken[]" regarding the facts previously presented in the Prior Action, making the facts in the instant action "materially different from the previous habeas petition." Pet. at 2 n.1. Petitioner now claims for the first time that he was detained upon entry to the United States and "not, never caught, as initially believed" and therefore, his due process rights were violated after having been released and re-detained. Pet. ¶ 5. The claims raised in the instant Petition were otherwise previously raised in the Prior Action.

In their Answer, filed on April 27, 2026, Respondents argued that Petitioner seeks to challenge the sufficiency of the bond hearing, asking this Court to step into the shoes of the IJ to determine whether the government can justify Petitioner's continued detention, which they argue amounts to "a wholesale abandonment of the administrative exhaustion requirement." Dkt. 10 at 2. Petitioner clarified in his April 28, 2026 Reply that he "is not disputing the discretionary outcome of his bond determination; rather, he is challenging the legality of his re-detention without a constitutionally required pre-

deprivation hearing." Dkt. 11 at 4. As Respondents did not address those claims, the undersigned directed further briefing. Dkt. 12. On May 5, 2026, Respondents filed a Supplemental Response. Dkt. 13 ("Supp. Resp."). Petitioner filed a Supplemental Reply on May 7, 2026. Dkt. 14 ("Supp. Reply").

For the reasons discussed below, the undersigned recommends that the Petition be denied.

## II.

## BACKGROUND

Petitioner is a native and citizen of Mexico, who entered the United States in or about 2005. Pet. ¶ 33. He departed the United States in 2024 for his consular interview and was detained upon his re-entry on October 9, 2024. Id.; Supp. Resp., Exh. A, Declaration of Cortney D. Lenardson ("Lenardson Decl.") ¶ 4. Petitioner was apparently released "pursuant to ICE check-ins." Id. No further information or evidence is provided regarding his release.

On or about December 5, 2025, after his I-130 interview, Petitioner was detained by ICE and issued a Notice to Appear, charging him as removable under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act. Pet. ¶ 3; Lenardson Decl. ¶ 5. Petitioner requested a bond hearing on December 16, 2025, which was denied pursuant to Matter of Yajure Hurtado. Pet. ¶ 3, Exh. A. As noted, Petitioner filed the Prior Action on December 26, 2025, which was granted, in part, and Petitioner was thereafter provided a bond hearing on March 13, 2026. Bond was denied because Petitioner was found to be a flight risk. Pet., Exh. C.

On April 9, 2026, an immigration judge denied all applications for relief and ordered Petitioner removed to Mexico. Lenardson Decl. ¶ 9. Petitioner has filed an appeal. Supp. Reply at 4. Petitioner remains in custody. Pet. ¶ 37; Lenardson Decl. ¶ 8.

3

## III.

## DISCUSSION

A petitioner seeking habeas relief must demonstrate that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The protections of habeas corpus extend to those in immigration detention. See Lopez-Marroquin v. Barr, 955 F.3d 759, 759 (9th Cir. 2020); Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." Lopez-Marroquin, 955 F.3d at 759.

"It is the petitioner's burden to prove his custody is in violation of the Constitution, laws[,] or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted). In the present case, Petitioner has failed to carry his burden to prove that his current custody violates his federal rights. Petitioner primarily contends that his detention violates his due process rights because he was denied a pre-deprivation hearing prior to his re-detention. His arguments, however, largely ignore that he was provided a post-deprivation hearing and found to be a flight risk. Thus, his contention that his continued detention violates the Fifth Amendment because it "has no reasonable relation to his being a flight risk or a danger to society" (Pet. at 12), is belied by the record. Further, even assuming a significant liberty interest exists, the government has a "strong interest" in enforcing the immigration laws (Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022)), and Petitioner has failed to show that the post-detention process here was inadequate to safeguard that liberty interest. Petitioner received a bond hearing where he had the opportunity to challenge his detention and "prove he is not a flight risk or a danger" (Pet. ¶ 53). Petitioner was represented by counsel and he had the opportunity to appeal the outcome of that bond decision to the BIA.

Id., Exh. C. Given that the IJ found Petitioner was a flight risk, continued detention serves the government's interest in ensuring Petitioner's appearance at future proceedings. The undersigned finds that the process Petitioner received post-deprivation is sufficient to protect his liberty interest. See F.R.V. v. Semaia, 2026 WL 852064, at *2-3 (C.D. Cal. Mar. 24, 2026) (finding petitioner failed to show a likelihood of success on her due process claim where she was provided a post-detention bond hearing); Singh v. Bowen, 2026 WL 485760, at *5 (C.D. Cal. Feb. 19, 2026) (same); Vitaev v. Semaia, 2026 WL 712148, at *2-3 (C.D. Cal. Feb. 24, 2026) (same); see also Rodriguez Diaz, 53 F.4th at 1208-10.

Petitioner has also failed to show his detention violates the Administrative Procedure Act ("APA"). The scope of review under the APA is narrow and the Court may not substitute its judgment for that of the agency. See Judulang v. Holder, 565 U.S. 42, 52-53 (2011). While Petitioner asserts that his detention without a pre-deprivation bond hearing constitutes arbitrary and capricious agency action and serves no legitimate purposes (Pet. at 14), he provides no evidence regarding the nature or terms of his prior release such that the Court can determine what regulations and procedures applied here.

Respondents contend that under 8 C.F.R. § 212.5(e)(2)(i) the government has authority to terminate parole, by "serving the noncitizen with a charging document, including a notice to appear" which was done here. Supp. Resp. at 3-4. Respondents argue that Petitioner submits no evidence demonstrating that his parole could not be revoked or was improperly revoked relative to his removal proceedings. Id. at 4.

Section 212.5(e)(2)(i) provides:

> In cases not covered by paragraph (e)(1) of this section, upon accomplishment of the purpose for which parole was authorized or when in the opinion of one of the officials listed in paragraph (a) of

this section, neither humanitarian reasons nor public benefit warrants the continued presence of the alien in the United States, parole shall be terminated upon written notice to the alien and he or she shall be restored to the status that he or she had at the time of parole. When a charging document is served on the alien, the charging document will constitute written notice of termination of parole, unless otherwise specified.

If such section applies, it appears Respondents had authority to re-detain Petitioner without conducting a pre-deprivation bond hearing. Petitioner does not dispute the application of Section 212.5(e)(2)(i) or otherwise provide additional information regarding the terms of his prior release. As pled, Petitioner has not shown the APA was violated.

Accordingly, Petitioner is not entitled to habeas relief.

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered denying the Petition without prejudice.

Dated: May 13, 2026_____

_____
JOHN D. EARLY
United States Magistrate Judge

6